**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES DANIEL EMMETT, an
individual,

    Plaintiff-Appellant,

v.

CITY OF TACOMA, a municipal
corporation; et al.,

    Defendants-Appellees.

No.    15-35222

D.C. No. 3:14-cv-05010-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 15, 2017
Seattle, Washington

Before:  HAWKINS, GOULD, and PAEZ, Circuit Judges.

Plaintiff James Emmett ("Emmett") appeals the district court's grant of

summary judgment to Defendants Christopher Bain and Daniel Nettleton

("Defendants," or "officers"), two Tacoma police officers who arrested Emmett

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

following a traffic stop. Emmett filed a 42 U.S.C. § 1983 action against Defendants, alleging they violated his Fourth Amendment right to be free from "excessive force" when the officers tased him after he resisted arrest. The district court held the officers were protected by qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Millennium Labs., Inc. v. Ameritox, Ltd*., 817 F.3d 1123, 1129 (9th Cir. 2016). We consider qualified immunity under a two-part test, asking (1) "whether the officer violated a plaintiff's constitutional right," and, if so, (2) "whether the constitutional right was 'clearly established in light of the specific context of the case' at the time of the events in question." *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc) (hereinafter "*Mattos II*") (quoting *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009)). At the first step, an officer violates a plaintiff's rights if his use of force is not "objectively reasonable." *Graham v. Connor*, 490 U.S. 386, 397 (1989). We determine reasonableness by balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Id.* at 396 (internal quotation marks omitted).

At the second step, a constitutional right is only "clearly established" if it is "beyond debate." *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). While we "have never required a prior case 'on all fours prohibiting that particular manifestation of unconstitutional conduct' to find a right 'clearly established,'" *Torres v. City of Madera*, 648 F.3d 1119, 1128 (9th Cir. 2011) (quoting *Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001), the case law must demonstrate that an officer could not reasonably believe his use of force was constitutional, *see Deorle*, 272 F.3d at 1285.

**1**. Taking the evidence in the light most favorable to Emmett and resolving all factual disputes in his favor, we conclude that a reasonable jury could find that Defendants violated Emmett's constitutional rights. *Smith v. City of Hemet*, 394 F.3d 689, 701, 707 (9th Cir. 2005) (en banc). Deploying a taser in dart mode against Emmett was a significant intrusion on his Fourth Amendment interests. *Graham*, 490 U.S. at 396; *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). And although Emmett resisted arrest, he was not armed, did not engage in any serious criminal activity, and did not attempt to flee. *Graham*, 490 U.S. at 396.

**2**. At the time Emmett was arrested, however, our law relating to the use of tasers was not "clearly established." Although we had held the use of a taser in

3

somewhat similar circumstances in *Bryan*, 630 F.3d 805 could warrant finding a Fourth Amendment violation, contrary holdings in *Brooks v. City of Seattle*, 599 F.3d 1018 (9th Cir. 2010) and *Mattos v. Agarano*, 590 F.3d 1082 (9th Cir. 2010) were still good law.  We did not reverse our holdings in *Brooks* and *Mattos* until our en banc decision in *Mattos II* in October 2011, three months after the events in this case.

Although Emmett argues *Brooks* and *Mattos* are distinguishable and, as a result, *Bryan* controls, his argument is unpersuasive.  The plaintiff in *Bryan* did not resist arrest, while the plaintiff in *Brooks* did.  *Compare Bryan*, 630 F.3d at 822, *with Brooks*, 599 F.3d at 1021.  Accordingly, whether Defendants could constitutionally deploy a taser against Emmett was not "beyond debate" at the time of his arrest.  *See Stanton*, 134 S. Ct. at 5.

**AFFIRMED**.